UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MICHAEL FIORITO, individually and on behalf of all others similarly situated, | Case No. 24-CV-3757 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| THE PRODIGAL COMPANY, | |
| Defendant. | |

---

Plaintiff Michael Fiorito brings this action against defendant The Prodigal Company ("Prodigal"), for whom he used to work, alleging that Prodigal failed to pay Fiorito (and others) minimum-wage and overtime compensation and failed to offer them a range of benefits in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Minn. Stat. § 181.722.[1]  ECF No. 1 [hereinafter Compl].  Fiorito seeks class certification under Fed. R. Civ. P. 23, as well as damages and injunctive relief.

Fiorito has not paid the filing fee and asks, instead, to proceed *in forma pauperis* ("IFP").  ECF No. 2.  Fioritos's complaint and IFP application are therefore before the Court for pre-service review pursuant to 28 U.S.C. § 1915(e)(2).  Based on that review, the Court dismisses all of Fiorito's claims and denies his IFP application as moot.

---

[1] The complaint also makes a single, passing reference to "benefits" that Prodigal "illegally denied" Fiorito and others under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq.  Compl. ¶ 24.

I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted.  *See Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim for which relief may be granted, a court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014).  The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must also "state a claim to relief that is plausible on its face."  *Id.* at 570.  Pro se complaints are to be construed liberally, but they must nevertheless allege enough facts to support the claims advanced.  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

II.  ANALYSIS

Fiorito asserts causes of action under both federal and state law and requests class certification.  The Court addresses the class-certification request before turning to Fiorito's claims.

*A. Class-Action Allegations*

Fiorito purports to bring this lawsuit on behalf of himself and "all individuals who were misclassified as independent contractors by [Prodigal]." Compl. ¶ 25. He seeks class certification under Fed. R. Civ. P. 23. *Id.* ¶¶ 25–31.

As a threshold matter, Rule 23 class certification is unavailable in FLSA actions. The FLSA provides that an action "may be maintained . . . by any one or more employees for and in behalf of himself or themselves or other employees similarly situated," but only if the similarly situated employees "consent in writing to become" parties to the action. 29 U.S.C. § 216(b). "There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA [§ 2]16(b)." *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975); *cf. Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73–75 (2013). Rule 23(c) provides for "opt-out" class actions, whereas FLSA collective-action members must opt *in*. *See id.*; FLSA § 216(b). Thus, Rule 23 class certification is theoretically available only for Fiorito's state-law claims.

The more fundamental problem is that Fiorito may not represent *either* a collective-action class *or* a Rule 23 class because he is not a lawyer, and "[i]t is well established that a non-attorney pro se plaintiff cannot adequately represent a class." *Greene v. Lake*, No. 17-cv-3551(SRN/KMM), 2018 WL 3105446 , at *2 (D. Minn. June 25,

2018) (collecting Fourth, Sixth, Ninth, Tenth, and D.C. Circuit cases); *see also Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity."). Fiorito therefore cannot represent a collective-action class under the FLSA, and he cannot represent a Rule 23 class as to his Minn. Stat. § 181.722 claims.[2] Fiorito's request for class certification is therefore denied.

Accordingly, the Court considers Fiorito's allegations only for the purpose of evaluating the plausibility of his individual federal and state-law claims.

### B. FLSA Claims

Fiorito claims that Prodigal misclassified him as an "independent contractor," when he was actually an "employee" for purposes of the FLSA. Fiorito further claims that, because he was an "employee," Prodigal was required to (1) provide Fiorito with benefits, including (but not limited to) "pension and retirement coverage, health and insurance coverage, Family Medical Leave Act [sic] (FMLA) and the benefits of the Uniformed Employment Rights Act [sic] (USERRA)," Compl. ¶ 24; (2) pay Fiorito overtime; and (3) pay Fiorito minimum wage—all of which Prodigal failed to do.

Misclassification of an employee as an independent contractor does not, by itself, give rise to a cause of action under the FLSA. Rather, such misclassification is not

---

[2]The complaint does not appear to request class certification as to Fiorito's FMLA or USERRA claims. Obviously, though, if Fiorito were to seek Rule 23 class certification as to either of those claims, he would be unsuccessful for the same reason.

actionable unless it results in the employee being deprived of minimum-wage or overtime compensation to which he is entitled. 29 U.S.C. §§ 206, 207, 216(b). The Court now turns to Fiorito's claims that he was deprived of such compensation by virtue of being misclassified.

### 1. "Employment Benefits"

The FLSA does not provide a cause of action for "employment benefits." The FLSA was designed to protect workers from "the evil of overwork as well as underpay," *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (citation and internal quotation marks omitted), and thus § 216(b) provides employees an express private right of action only for "unpaid minimum wages[] or . . . overtime compensation." 29 U.S.C. § 216(b). Accordingly, Fiorito's allegations that Prodigal denied him benefits "such as, but not limited to, pension and retirement coverage [and] health and insurance coverage," Compl. ¶ 24, fail to state a claim under the FLSA.[3]

---

[3]Fiorito makes a passing reference to Prodigal's denying Fiorito and others benefits under the "Family Medical Leave Act [sic] (FMLA) and the Uniformed Employment Rights Act [sic] (USERRA)." Compl. ¶ 24. But the complaint does not contain a single factual allegation relevant to either of these claims. For example, the complaint does not mention the type or amount of leave to which Fiorito—or anyone else—believes he was entitled under the FMLA or the nature of his FMLA claims (i.e. entitlement or discrimination) with respect to that leave, nor does the complaint suggest that Fiorito—or anyone else—is a veteran or member of the uniformed services. The complaint thus fails to state a claim under either the FMLA or the USERRA.

### 2. Overtime Compensation

"The FLSA requires that covered employees receive at least one and one-half times their regular hourly rate for hours worked *over* forty per week." *Rapp v. Network of Cmty. Options, Inc.*, 3 F.4th 1084, 1087 (8th Cir. 2021) (emphasis added) (citing 29 U.S.C. § 207(a)(1)). Fiorito, however, alleges that he worked *exactly* 40 hours during the week of May 12, 2024 and *less* that 40 hours during the week of June 14, 2024, and that he "routinely worked in excess of *35 hours* per week" for Prodigal. Compl. ¶¶ 9–11 (emphasis added). Nowhere does Fiorito allege that he worked over 40 hours for Prodigal during any given week. Therefore, even assuming that Fiorito should have been classified as an "employee," Fiorito has failed to state a claim that Prodigal did not pay him overtime compensation in violation of the FLSA.

### 3. Minimum-Wage Compensation

Fiorito's minimum-wage claim consists of the conclusory allegation that Prodigal "failed" or "willful[ly] refus[ed]" to pay Fiorito minimum-wage compensation. Compl. ¶¶ 13, 33. A claimant must "show[]," rather than make "a blanket assertion[] of[,] entitlement to relief." *Twombly*, 550 U.S. at 555–56 n.3. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* (citation and internal quotation marks omitted).

Here, the complaint does not identify either the hourly wage that Fiorito was paid or the minimum wage to which he believes he was entitled. Nor does the complaint identify the dates or total number of hours during which Fiorito worked for Prodigal but did not receive minimum-wage compensation. Fiorito's threadbare allegations do not cross "the line between the conclusory and the factual," *id.* at 557 n.5,[4] and he therefore fails to state a claim for relief under the FLSA.[5] *See also Zanders v. Wells Fargo Bank N.A.*, 55 F. Supp. 3d 1163, 1179 (S.D. Iowa 2014) ("[A]n FLSA minimum wage complaint should, at least approximately, allege the hours worked for which [minimum] wages were not received." (citation and internal quotation marks omitted)).

---

[4]*See Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (finding allegation that plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time" to be a phrase "so threadbare" as to fail to "cross 'the line between the conclusory and the factual'" (quoting *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Twombly*, 440 U.S. at 557 n.5))).

[5]The Court also notes that Fiorito's IFP application, which he signed under penalty of perjury, estimates that his gross monthly pay was $2,600 when he was working for Prodigal. *See* ECF No. 2. Assuming that there are approximately 4.2 weeks in each month, Fiorito earned approximately $619 per week. Fiorito alleges that he worked 35–40 hours per week, which means his hourly wages ranged from $15.47–$17.68 per hour. The federal minimum wage under the FLSA is $7.25. Thus, Fiorito appears to have been paid more than *double* the minimum wage while working for Prodigal.

*C. State-Law Claims*

Because Fiorito has failed to plead a viable federal claim, this Court declines to exercise supplemental jurisdiction over any of his state-law claims. *See* 28 U.S.C. § 1367(c).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. All federal claims in plaintiff's complaint [ECF No. 1] are DISMISSED as follows:

    a. Plaintiff's claim for misclassification as an independent contractor is DISMISSED WITH PREJUDICE.

    b. Plaintiff's claims for "pension and retirement coverage" and "health and insurance coverage" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, are DISMISSED WITH PREJUDICE.

    c. Plaintiff's claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.*, are DISMISSED WITHOUT PREJUDICE.

      d.      Plaintiff's claims for overtime and minimum-wage compensation under the FLSA are DISMISSED WITHOUT PREJUDICE.

2.      Plaintiff's collective-action and class-action allegations, made on behalf of other workers similarly situated, are DISMISSED WITHOUT PREJUDICE.

3.      Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims, and those claims are DISMISSED WITHOUT PREJUDICE.

4.      Plaintiff's IFP Application [ECF No. 2] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 7, 2024

                                              Patrick J. Schiltz, Chief Judge
                                              United States District Judge