UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL FIORITO, individually and on behalf of all others similarly situated, | Case No. 24-CV-3757 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| THE PRODIGAL COMPANY, | |
| Defendant. | |

This matter is before the Court on the application to proceed *in forma pauperis* ("IFP") of plaintiff Michael Fiorito. *See* ECF No. 6. Because Fiorito is ineligible to proceed IFP, the application is denied.

Under 28 U.S.C. § 1915(g),

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The term "prisoner," for purposes of § 1915(g), is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated

delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Fiorito is not currently in *prison*, but he is a *prisoner* for purposes of § 1915(g). Fiorito was found guilty at trial on one count of conspiracy to commit mail fraud and six counts of mail fraud and was sentenced in 2010 to a 270-month term of imprisonment. *See United States v. Fiorito*, No. 07-CR-0212 (PJS/JSM) (D. Minn.). That sentence has not yet expired, as Fiorito himself recognizes, and he remains in the custody of the Federal Bureau of Prisons ("BOP"). *See Fiorito v. Metropolitan Council*, No. 24-CV-4562 (DSD/DLM), ECF No. 2 at 5 (D. Minn. Dec. 20, 2024) (IFP application of Fiorito in unrelated lawsuit in which he states that "I am STILL an inmate").

Fiorito is, however, nearing the end of his sentence, and the BOP has placed Fiorito in "prerelease custody"—that is, community placement away from a prison—for the final months of that sentence. *See* 18 U.S.C. § 3624(c)(1) (providing that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."). Prerelease custody is a less restrictive form of detention than prison, but it is nevertheless a form of detention, and that detention results from Fiorito having been "sentenced for . . . violations of criminal law." 28 U.S.C. § 1915(h). Fiorito therefore remains a prisoner. *See also Jackson v. Johnson*, 475

2

F.3d 261, 267 (5th Cir. 2007) (explaining that a litigant confined at a halfway house for the remainder of a sentence remains "a 'prisoner' within § 1915(h)'s definition because his confinement is as a result of his criminal violation"); *Neito v. Durbin*, No. 21-50934, 2022 WL 1102476, at *2 (5th Cir. Apr. 13, 2022) (informing federal prisoner that "the dismissal of his complaint as frivolous by the district court counts as a strike for purposes of § 1915(g) because he was incarcerated in a halfway house when he filed his complaint"); *Dietz v. Fink*, No. 4:23-CV-4158 (ECS), 2024 WL 5135689, at *1 n.4 (D.S.D. Dec. 17, 2024); *Cartman v. Unknown U.S. Marshals*, No. 1:20-CV-5013, 2020 WL 13851412, at *1 (N.D. Ga. Dec. 16, 2020); *Wilson v. U.S. Att'y Gen. Off.*, No. 1:09-CV-13394, 2009 WL 3872144, at *1 (E.D. Mich. Nov. 17, 2009).

The remaining question, then, is whether Fiorito "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Fiorito has brought *dozens* of lawsuits as a prisoner, and few (if any) of those lawsuits have been successful. Not all dismissals, however, result in a strike. Fiorito filed at least a dozen petitions for a writ of habeas corpus while in prison, and not once was Fiorito granted habeas relief. But a habeas proceeding is not a "civil action" for purposes of § 1915(g), and therefore the denials of those habeas petitions were not "strikes" under that provision. *See Andrews v. King*, 398 F.3d 1113, 1122–23 (9th Cir.

3

2005). Some of Fiorito's dismissed lawsuits had been removed from state court to federal court, and because in those cases "Fiorito did not bring the actions 'in a court of the United States,' 28 U.S.C. § 1915(g), [he could not] be assessed a strike under § 1915(g) regardless of whether his lawsuits [were] meritless, frivolous, or malicious."[1] *Fiorito v. Anderson*, No. 23-CV-1125 (KMM/LIB), 2023 WL 5155141 (D. Minn. Aug. 10, 2023) (dismissing as frivolous lawsuit brought by Fiorito in state court and removed to federal court).

And many kinds of dismissals do not constitute "strikes," even when the proceeding is a "civil action" and the action was commenced in federal court. To count as a "strike," the lawsuit must be dismissed on one of the grounds identified in § 1915(g)—that is, for frivolity, maliciousness, or failure to state a claim on which relief may be granted. Thus, when the United States District Court for the Central District of Illinois dismissed one of Fiorito's numerous lawsuits because of the "clear record of willfully disobedient conduct and bad faith as Plaintiff has repeatedly missed deadlines, ignored court orders, and provided misleading if not untruthful information to the Court," *Fiorito v. Samuels*, No. 16-1064, 2018 WL 11307319, at *9 (C.D. Ill. Apr. 16, 2018),

---

[1] This is true even though Fiorito filed lawsuits in state court knowing very well that the state court would lack jurisdiction over the lawsuit—but also knowing that the lawsuit would be removed to federal court, and that, by filing the lawsuit in a court lacking jurisdiction, he would have evaded the mandatory filing fee for that lawsuit, *see* 28 U.S.C. § 1915(b), and he would have evaded imposition of a strike should the action be deemed frivolous. *See, e.g., Fiorito v. United States*, No. 22-CV-2879 (PJS/LIB), 2022 WL 17082831, at *2 (D. Minn. Nov. 18, 2022).

4

even *that* dismissal did not constitute a strike because the action was not expressly dismissed for frivolity, maliciousness, or failure to state a claim on which relief may be granted. The same is true of the 2020 dismissal of a case filed by Fiorito in the United States District Court for the Northern District of Georgia, even though that case also was dismissed on the grounds that Fiorito had lied to the Court. *See Fiorito v. Thompson*, No. 1:20-CV-1682 (LPB), ECF No. 25 (N.D. Ga. June 4, 2020).

Three of the dismissals of lawsuits brought by Fiorito do, however, count as strikes under § 1915(g):

First, in 2017, Fiorito brought an action in the United States District Court for the Central District of California seeking preservation of video evidence at the prison where he was then confined. *See Fiorito v. Sylvester*, No. 5:17-CV-1253 (JFW/KES) (C.D. Cal.). This was a "civil action" within the meaning of § 1915(g); Fiorito was not seeking habeas relief. The order of dismissal in that proceeding is terse, but the magistrate judge recommended denial of Fiorito's IFP application in that proceeding on the grounds that Fiorito had not filed a complaint, and the district judge subsequently adopted that recommendation and summarily dismissed the case. Although not explicitly identified in this language, the basis for the dismissal is clearly that Fiorito

had not stated a claim on which relief could be granted.  *See id.*, ECF No. 4 (C.D. Cal. July 6, 2017).  Strike one.[2]

Second, in 2018, Fiorito filed a civil complaint against the warden of the prison where he was then incarcerated and several other prison officials on the grounds that those officials had violated his federal constitutional rights.  *See Fiorito v. Krueger*, No. 1:18-CV-1198 (JES) (C.D. Ill.).  Multiple reasons for the dismissal were offered by the district court in that matter, but the United States Court of Appeals for the Seventh Circuit rejected those reasons while providing its own explanation for why dismissal was warranted: Fiorito had failed to state a claim on which relief may be granted.  *See Fiorito v. Segal*, No. 20-1559, 2022 WL 4809726, at *3 (7th Cir. Oct. 3, 2022) ("Fiorito failed

---

[2] On the "check-a-box" order used to dismiss the action, the magistrate judge did not check the box for the proposition that "[t]his denial may constitute a strike under the 'Three Strikes' provision governing the filing of prisoner suits."  *Fiorito v. Sylvester*, ECF No. 4 (C.D. Cal. July 6, 2017).  But nothing in § 1915(g) requires that a dismissal be designated as a "strike" at the time of dismissal.  In fact, several circuit courts have instructed district courts *not* to state whether a dismissal does or does not constitute a strike.  *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023); *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1152 (D.C. Cir. 2017) ("If Congress wanted district courts to contemporaneously label dismissals as strikes or wanted those labels to bind later district courts, Congress could have said so in the [statute].  Congress said no such thing."); *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (per curiam); *cf. Gonzalez v. United States*, 23 F.4th 788, 790 (8th Cir. 2022) ("[T]he judge evaluating a prisoner complaint is the only one who can look 'backwards' and determine whether the first three actions were dismissed on one or more of the listed grounds.").  "It is well-settled that, in determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it," not whether the dismissing court believed that the dismissal would constitute a strike.  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

to state a federal claim because Congress has not provided a remedy for this kind of alleged constitutional violation by federal officers, and we cannot contradict the Supreme Court to fill that gap."). Strike two.

This case is strike three. Fiorito was, as explained above, a prisoner when he filed this action. Each of Fiorito's federal-law claims was dismissed on the grounds that Fiorito had failed to state a claim on which relief may be granted. The Supreme Court in *Coleman v. Tollefson*, 575 U.S. 532 (2015), clarified that a dismissal becomes a "strike" upon dismissal, not at the end of the appellate process. *Coleman* expressly dodged the question of whether a prisoner could appeal IFP from the dismissal that would constitute the third "strike," *see id.* at 541, and a circuit split has developed on the issue, *compare Richey v. Dahne*, 807 F.3d 1202, 1209–10 (9th Cir. 2015) (holding that prisoners may appeal IFP from a third strike); and *Taylor v. Grubbs*, 930 F.3d 611, 620 (4th Cir. 2019) (following *Richey*); with *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Mgr.*, 870 F.3d 144, 151–54 (3d Cir. 2017) (disagreeing with *Richey* and finding that the three-strikes provision applied to the appeal at issue); and *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002); *see also Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 242 (5th Cir. 2020) (Ho, J., concurring).

This Court finds the position of the Third and Seventh Circuits (and of the dissent in *Taylor*) -- which is grounded in the text of the statute itself -- to be more convincing than the position of the courts that have concluded that an appeal may be

taken IFP from a dismissal constituting a third strike -- which is grounded primarily in a policy concern that some litigants may not be able to seek appellate review. "The concern expressed by those courts is legitimate, but it does not require twisting the statute and allowing a fourth strike," as Fiorito could yet seek IFP status from the Eighth Circuit, which would then have to determine for itself whether Fiorito had incurred three or more strikes for purposes of § 1915(g). *Robinson*, 297 F.3d at 541. And even if this were not true and three-strikes status entirely foreclosed Fiorito from being able to file an appeal in this matter,[3] it is the duty of the court "to give effect to the plain language of the statute." *Parker*, 870 F.3d at 153.

Accordingly, Fiorito's appellate IFP application is barred by § 1915(g). The application is denied on that basis.

---

[3] Of course, Fiorito being ineligible for IFP status does not by itself mean that he is barred from appealing the dismissal of this lawsuit. He could, after all, pay the filing fee for his appeal. Indeed, this Court suspects that payment of the filing fee would be far more of an imposition for other prisoners who are subject to § 1915(g) than it would for Fiorito, who is currently employed (and not at prison wages), *see Metropolitan Council*, No. 24-CV-4562 (DSD/DLM), ECF No. 2 at 2; and who was employed for much of 2024 at an income that would ordinarily preclude most non-prisoner litigants from IFP status, *see* ECF No. 6 at 2. All that the three-strikes provision precludes is Fiorito continuing to file lawsuits in federal court and appeal from the dismissal of those lawsuits at public expense.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the application to proceed *in forma pauperis* of plaintiff Michael Fiorito [ECF No. 6] is DENIED.

Dated: January 3, 2025                             s/Patrick J. Schiltz_____
                                                               Patrick J. Schiltz, Chief Judge
                                                               United States District Court